DECISION OF DISMISSAL
Plaintiffs appeal concerning certain real property assessments for the tax year 2009-10. This matter is now before the court on Defendant's motion to dismiss, filed as part of its Answer on March 1, 2010, requesting that the Complaint be dismissed.
A case management conference was held March 30, 2010. John Picarazzi and Laurel Hubbard participated on their own behalf; Stein O. Toland and Theresa Maul appeared for Defendant.
This appeal concerns residential property identified as Account 251023. Plaintiffs acquired this home in 2008 for $800,000. No appeal was filed with the Deschutes County Board of Property Tax Appeals (BOPTA). For tax year 2009-10, Plaintiffs request a reduction in the real market value (RMV) from $688,140 to $570,385.
Oregon has a structured appeals system for taxpayers to follow when challenging the RMV assigned to their properties. The first step in the appeal process is to a county BOPTA. Taxpayers are required to file appeals with the appropriate county board by December 31 of the current tax year. ORS 309.100(2).[1] / / / *Page 2 
However, some situations occur which prevent a taxpayer from timely appealing to the county board. As a result, the legislature granted this court authority to review untimely appeals when the taxpayer establishes "good and sufficient cause" for not timely pursuing a statutory right of appeal. ORS 305.288(3).
ORS 305.288(3) states:
 "The tax court may order a change or correction * * * to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal."
(Emphasis added.)
That statute defines good and sufficient cause as follows:
 "`Good and sufficient cause?:
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
ORS 305.288(5)(b) (emphasis added).
For this tax year, Plaintiffs stated they were unaware of the local appeal process. They did not make contact with Defendant as to the assessment magnitude until February of 2010. As a result, the court finds good and sufficient cause is lacking for the failure to timely pursue an appeal for tax year 2009-10. *Page 3 
The second circumstance under which the court can hear a taxpayer's case with such residential property is if it concludes there is a gross error. ORS 305.288(1) sets forth when the court shall order a correction under this approach. The statute states:
 "The tax court shall order a change or correction * * * to the assessment and tax roll for the current tax year or for either of the two tax years immediately preceding the current tax year * * * if all of the following conditions exist:
 "(a) For the tax year to which the change or correction is applicable, the property was or is used primarily as a dwelling * * * .
 "(b) The change or correction requested is a change in value for the property for the tax year and it is asserted in the request and determined by the tax court that the difference between the real value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent."
ORS 305.288(1) (emphasis added).
Here, the value range alleged by Plaintiffs is less than twenty percent. On a review of the pleadings there is no showing of a gross error. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ___ day of June 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, bymailing to: 1163 State Street, Salem, OR 97301-2563; orby hand delivery to: Fourth Floor, 1241 State Street,Salem, OR.
 Your Complaint must be submitted within60 days after the date of the Decision or this Decisionbecomes final and cannot be changed. *Page 4 
 This Decision was signed by Magistrate Jeffrey S. Mattson onJune 25, 2010. The court filed and entered this Decision onJune 25, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1